IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRANT STREET GROUP, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 10-1095 |
| D & T VENTURES, LLC, PACIFIC BLUE SOFTWARE, INC., and WEST FLORIDA BUSINESS SYSTEMS, INC. | ) |
| Defendants. | ) |

AMBROSE, Senior District Judge

## **MEMORANDUM ORDER OF COURT**

On November 17, 2010, Plaintiff requested the Clerk of Courts enter default against Defendant, Pacific Blue Software, Inc.'s ("Pacific Blue"). (ECF No. 22). On November 18, 2010, the Clerk of Courts entered default against Pacific Blue. (ECF No. 23). On December 23, 2010, Pacific Blue filed the pending Motion to Set Aside Default pursuant to Rules 55 and 60 of the Federal Rules of Civil Procedure based on improper service of process. (ECF No. 33). The parties have filed various briefs and evidence relating to the issue. (ECF Nos. 34-44, 47, 52 and 53). After careful consideration and for the reasons set forth below, the Motion to Set Aside Default (ECF No. 33) is granted.

Rule 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." F.R.C.P. 55(c). Rule 60(b) provides that a "court may relieve a party…from a final judgment, order, or proceeding for the following reasons:…. (4) the judgment is void…."[1] F.R.C.P. 60(b)(4). It is well established that a "default judgment entered when there has been no proper service of the complaint is, *a fortiori,* void, and should be set aside." *U.S. v. One Toshiba Color Television,* 213 F.3d 147, 156 (3d Cir. 2000) (*quoting Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d

---

[1] The other reasons under Rule 60(b) to relieve a party from a final judgment include the following: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." F.R.C.P. 60(b).

14, 19 (3d Cir. 1985) (citing Rule 60(b)(4))). If the court finds that process was never properly served, then there is no need for further analysis. *Id.* at 156; *see also*, *Gold Kist,* 756 F.2d at 19.[2]

Default judgments are generally disfavored. *Budget Blinds, Inc. v. White,* 536 F.3d 244, 258 (3d Cir. 2008). The party asserting validity of service of process bears the burden of proof. *Grand Entertainment Group v. Star Media Sales,* 988 F.2d 476, 488 (3d Cir. 1993).

Pacific Blue moves to set aside the default based on insufficient service of process. (ECF No. 33). Pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of process on a corporation may be accomplished by, *inter alia,* following state law for service of process. F.R.C.P. 4(h)(1)(a). Plaintiff asserts that it accomplished service via registered mail pursuant to Rule 403 of the Pennsylvania Rules of Civil Procedure. (ECF No. 44, ¶¶9-11). Rule 403 requires that "a copy of the process shall be mailed to the defendant by any form of mailing <u>requiring a receipt signed</u> by the defendant or his <u>authorized agent</u>. Service is complete upon delivery of the mail." Pa. R.C.P. 403 (emphasis added). The Note to Rule 403 further states as follows:

> The United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent. Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery.

*Id.* at Note. Thus, under Pennsylvania law, service by mail upon an out-of-state corporation is not proper unless it is accomplished by a form of mail requiring a receipt signed by the defendant or his authorized agent. *Id.* Such form of mailing includes U.S. Postal Service restricted delivery mail. *Id.* at Note; *McCoy v. Thresh,* 862 A.2d 109, 116 (Pa. Super. 2004) ("Rule 403 notes the United States Postal Service provides for restricted delivery by mail, which can only be delivered to the addressee or authorized agent.")

According to Plaintiff's counsel, he made various attempts to complete service. (ECF No. 44). Eventually, he attempted service on Defendant at the address listed on Pacific Blue's website via certified mail. (ECF No. 44, ¶¶3, 9). It is this attempted service that Plaintiff argues is valid.

---

[2] If process was properly served and the motion to set aside a default judgment is made pursuant to Rule 60(b)(1), four actors must be considered: 1) whether lifting the default would prejudice the plaintiff; 2) whether the defendant has a prima facie meritorious defense; 3) whether the defaulting defendant's conduct is excusable or culpable; and 4) the effectiveness of alternative sanctions. *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 73 (3d Cir. 1987); *Budget Blinds, Inc. v. White,* 536 F.3d 244, 257-58 (3d Cir. 2008). Since I find that service was not properly made, I need not consider these factors.

The address on Pacific Blue's website is a virtual office site for Pacific Blue. Pacific Blue has a contract with Da Vinci Virtual LLC for virtual office space. (ECF No. 35, ¶4). Da Vinci Virtual LLC is a partner with Office Suites Plus, a business that provides virtual office services to businesses. (ECF No. 40, ¶¶2, 3, 5).

On October 25, 2010, Mr. Johnathan Rusnak signed the certified mail receipt sent by Plaintiff. (ECF No. 44, ¶10). Mr. Rushnak is an employee of Office Suites Plus. (ECF No. 40, ¶ 5). Office Suites Plus accepts regular mail and certified letters for its customers but does not accept service of process. *Id.* at ¶3. Mr. Rushnak is not an employee of Pacific Blue. *Id.* at ¶5.

Plaintiff argues that because Office Suites Plus accepts certified letters it is an authorized agent. (ECF No. 44). Simply because Mr. Rushnak accepted the certified mail does not make Office Suites Plus or Mr. Rushnak an authorized agent for Pacific Blue. There is no evidence that Mr. Rushnak is an authorized agent for Pacific Blue. In fact, the evidence is to the contrary. *See,* Declaration of Todd Ronda, (ECF No. 35, ¶8) ("[Mr. Rushnak] is not employed by Pacific Blue and is not authorized to accept service for Pacific Blue."); *see also* Declaration of Jonathan Rushnak (ECF No. 40, ¶3) ("Office Suites Plus…does not accept service of process."). Thus, I find that service was not properly made upon an authorized agent of Pacific Blue.

Furthermore, there is no evidence that Plaintiff's counsel sent the certified letter via restricted delivery as noted in Rule 403 of the Pennsylvania Rules of Civil Procedure. Rather, the return receipt clearly shows that Plaintiff did not check the restricted delivery box. (ECF No. 18, p. 2). Had Plaintiff's counsel wished to comply with Rule 403, he could have elected to have the certified mailing marked "restricted delivery." *American Telecom, Inc. v. First Nat'l Commun. Network, Inc.,* Civ. A. No. 99-3795, 2000 WL 714685, *2 (E.D. Pa. June 2, 2000) ("[S]ervice… not made by 'restricted delivery' mail…and…with no indication as to [signer's] authority to accept service of process on behalf of [defendant]….d[oes] not comply with [Rule] 403."). Unfortunately, Plaintiff's counsel did not. Plaintiff's counsel could have used means other than the U.S. Postal Service under Rule 403, but if he wanted to use the U.S. Postal Service, then he had to check "restricted delivery." *See,* Pa. R.C.P. 403, Note. For this reason as well, I find that Plaintiff's counsel failed to effectuate service of process upon Pacific Blue.

3

Thus, the attempted service did not comply with Rule 4 of the Federal Rules of Civil Procedure. Consequently, based on the same, Plaintiff has failed to meet its burden of showing proper service has been effectuated upon Pacific Blue. As a result, the default judgment is void.

THEREFORE, this 1st day of March, 2011, it is ordered as follows:

1. Motion to Set Aside Default (ECF No. [33]) is granted and the default entered against Pacific Blue is vacated;

2. Plaintiff is directed to properly effectuate service upon Pacific Blue in accordance with Rule 4 of the Federal Rules of civil Procedure on or before March 21, 2011. I note that according to Mr. Randa he is currently residing at 25651 Frith Street, Land O' Lakes, FL 34639. (ECF No. 47-1, ¶2);

3. Plaintiff is directed to provide proof of service to the court on or before March 22, 2011; and

4. Upon proper service, Pacific Blue will have 21 days to file a responsive pleading.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge