IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRANT STREET GROUP, INC., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 10-1095 |
| D & T VENTURES, LLC, PACIFIC BLUE SOFTWARE, INC., and WEST FLORIDA BUSINESS SYSTEMS, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

AMBROSE, Senior District Judge

## MEMORANDUM ORDER OF COURT

Defendants previously filed Motions to Dismiss based on lack of jurisdiction. In response, Plaintiff sought leave to conduct jurisdictional discovery. On April 4, 2011, I granted Plaintiff the right to conduct very limited jurisdictional discovery to "identify any additional Pennsylvania residents who participated in Defendants' auctions, any supplemental or amendments to the contracts, and any e-mail communications between Defendants and Pennsylvania residents, including solicitations." (ECF No. 71, p. 2). Discovery ended on May 13, 2011. *Id.*

Ten days *after* the close of jurisdictional discovery, Plaintiff filed a Motion to Compel Jurisdictional Discovery against Defendants Pacific Blue Software, Inc. ("Pacific Blue") and West Florida Business Systems, Inc. ("WFBS") only. (ECF Nos. 72 and 73 n.1). Therein, Plaintiff seeks "the production of documents sufficient to identify the name and addresses of every registrant, including all Pennsylvania residents, for the tax certificate auctions that were conducted by or otherwise administered by defendants Pacific Blue and WFBS." (ECF No. 73, p. 1). Plaintiff also seeks sanctions for Defendants' failure to provide said information. *Id*. at pp. 10-12.

First, I find that the Motion (ECF No. 72) is not timely filed. The Motion was not filed within the discovery time period. In fact, it was filed ten days after the close of discovery. When matters such as this are time sensitive and other motions and responses are contingent upon dates being strictly observed, I am dismayed that this dispute was not brought to my attention earlier.

Second, I am not persuaded by any of Plaintiff's arguments that the entirety of this evidence is relevant or within the scope of my grant of limited jurisdictional discovery. Specifically, I find that only those registrants who are residents of Pennsylvania are potentially relevant. Regardless, counsel for Pacific Blue states that Pacific Blue responded timely to Plaintiff's request on May 11, 2011, and then supplemented its responses on May 26, 2011, with "reports identifying the entities who specifically registered in 2009 and in 2010 for the Manatee County auctions…." (ECF No. 81, p. 3). The fact that there may be "gaps" between bidder id numbers does not persuade me that Pacific Blue has not produced its list of registrants in compliance with my order. Therefore, based on the same, the Motion (ECF No. 72) is denied as moot with regard to Pacific Blue.

With regard to WFBS, WFBS states that it has supplied all the information it has and "does not collect or maintain the information being sought (registrant lists)…." (ECF No. 82). According to the evidence produced by WFBS, all information sought, "namely documentation or W-9s necessary to identify registrants of the Tax Collectors' respective systems" "passes immediately to the Marion County Tax Collector, rather than WFBS." (ECF No. 82-1, ¶¶4-5). "Such documentation is not in WFBS's care, custody or control." *Id.* at ¶5. "WFBS collects and maintains no information from a user, as it passes directly to Marion County. User information is, and was, inputted in the interface and sent directly to Marion County's servers." (ECF No. 82, p. 6, *citing,* ECF No. 75-2, ¶¶9, 11. While Plaintiff suggests that WFBS maintains this information, the evidence produced by Plaintiff has not persuaded me that WFBS collects or

maintains the requested documentation.  Consequently, the Motion (ECF No. 72) is denied with regard to WFBS.

THEREFORE, this 6th day of June, 2011, it is ordered as follows:

1. Motion to Compel Jurisdictional Discovery (ECF No. [72]) is denied as moot with regard to Pacific Blue and denied as to WFBS;

2. Plaintiff's request for sanctions within the Motion to Compel is denied;

3. While Plaintiff's Responses to Defendants' Motions to Dismiss were due on June 6, 2011, Plaintiff is granted until June 7, 2011 to file the same; and

4. Parties are advised that prior to filing any additional motions, they are to contact the court to set up a telephone conference to discuss the issue(s).

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge